```
                                        FILED
                              CLERK, U.S. DISTRICT COURT

                              12/20/2022

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: ___CD___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:22-cr-00599-GW |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MARC JAY FRANKEL, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant MARC JAY FRANKEL was a resident of Tarzana, California, and worked out of an office in Encino, California.

2.   Defendant FRANKEL worked as an Investment Advisor Representative ("IAR") for a Santa Barbara-based investment-advisory firm (the "Investment Firm").

3.   The Investment Firm was a registered investment advisor with the Securities and Exchange Commission, and as an IAR affiliated with the Investment Firm, defendant FRANKEL owed fiduciary duties to

the Investment Firm's clients, including the duties of loyalty and good faith.

4. For his Investment Firm clients with discretionary accounts, defendant FRANKEL was able to execute transactions without the need to seek prior, transaction-specific approval.

5. Advisory Client 1 held multiple accounts with the Investment Firm, including discretionary brokerage accounts and an associated checking account ending in 4084 (the "4084 account") used to fund personal expenses for Advisory Client 1 and the expenses of related corporate entities for and of which he was a managing member and partner.

6. Defendant FRANKEL had access to and discretionary authority over Advisory Client 1's accounts, including the 4084 account.

7. Advisory Client 1 was a professional athlete, and advised defendant FRANKEL that he relied upon defendant FRANKEL to manage his wealth so that he, Advisory Client 1, could focus exclusively on his professional sports career.

8. Defendant FRANKEL also had access to and control over banking accounts held by Advisory Client 2 at the Investment Firm.

9. As part of their agreements to permit defendant FRANKEL discretionary access to their investment accounts, Investment Firm clients, including Advisory Client 1 and Advisory Client 2, trusted and relied upon defendant FRANKEL to manage their assets in their best interests and according to the financial objectives they authorized the Investment Firm and defendant FRANKEL to pursue.

B.   THE SCHEME TO DEFRAUD

10. Beginning in or around December 2017 and continuing through in or around June 2020, in Los Angeles and Santa Barbara Counties,

2

within the Central District of California, and elsewhere, defendant
FRANKEL, knowingly and with intent to defraud, devised, participated
in, and executed a scheme to defraud Advisory Client 1 and Advisory
Client 2, as to material matters, and to obtain money and property
from them by means of materially false and fraudulent pretenses,
representations, promises, and the concealment of material facts.

11.   The scheme to defraud operated, in substance, as follows:

a.   Pursuant to the agreements signed by Advisory Client 1
and Advisory Client 2, defendant FRANKEL made investment decisions
for those clients, and bought and sold securities on their behalf.

b.   Defendant FRANKEL represented to Advisory Client 1 and
Advisory Client 2 that he was a loyal IAR and fiduciary who would act
in his clients' best interests and not put his own interests above
theirs.

c.   Beginning in or around December 2017 and continuing
through in or around June 2020, defendant FRANKEL, without
authorization and in violation of the fiduciary duties he owed and
representations he had made, began to convert funds within Advisory
Client 1's checking account for defendant FRANKEL's own unauthorized
personal use and benefit.

d.   Defendant FRANKEL charged jewelry, Lakers tickets,
travel expenses, electronics, and his children's tuition on an
American Express credit card in the name of his deceased mother, and
then paid the resulting debts by initiating electronic funds
transfers through the Automated Clearing House network ("ACH
payments") from the 4084 account to American Express.

e.   Knowingly and with the intent to deceive and cheat his
clients, and in order to conceal his fraudulent scheme from them,

defendant FRANKEL divided what would have been larger ACH payments into smaller ACH payments ranging between approximately $2,000 and $4,000, in order to avoid the scrutiny that larger payment amounts might draw from Advisory Client 1 and his family members and other advisors.

f.   In total, defendant FRANKEL made approximately 241 separate unauthorized transfers from the 4084 account totaling approximately $739,052.

g.   In order to further conceal his fraudulent scheme:

i.   When defendant FRANKEL learned, in or around May 2020, that representatives from Advisory Client 1's sports agency were investigating potential irregularities involving Advisory Client 1's accounts, defendant FRANKEL misrepresented to that agency that he had reviewed Advisory Client 1's accounts and found no irregularities.

ii.   In or around June 2020, when representatives from Advisory Client 1's sports agency confronted defendant FRANKEL with evidence of the improper ACH payments, defendant FRANKEL falsely blamed Advisory Client 1's personal assistant.

h.   After the apparent discovery of his fraud against Advisory Client 1, in or around June 2020, defendant FRANKEL ceased initiating ACH payments from Advisory Client 1's account and, instead, initiated two additional unauthorized ACH payments from Advisory Client 2's checking account to satisfy approximately $4,765.58 in additional debts defendant FRANKEL had incurred through the use of his deceased mother's American Express credit card.

i.    Through his scheme to defraud Advisory Client 1 and Advisory Client 2, defendant FRANKEL caused losses totaling approximately $743,817.58.

C.    UNDERLINE{USE OF INTERSTATE WIRES}

12.    On or about January 9, 2020, in Los Angeles and Santa Barbara Counties, within the Central District of California, and elsewhere, defendant FRANKEL, for the purpose of executing the above-described scheme to defraud, caused the transmission of an item by means of wire communication in interstate commerce, namely, an ACH payment of approximately $3,034.92 from the 4084 account to American Express.

1       FORFEITURE ALLEGATION

2       [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offense set forth in this Information.

9       2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11       (a)   All right, title, and interest in any and all

12  property, real or personal, constituting, or derived from, any

13  proceeds traceable to the offense; and

14       (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17       3.    Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  defendant, if so convicted, shall forfeit substitute property, up to

20  the value of the property described in the preceding paragraph if, as

21  the result of any act or omission of the defendant, the property

22  described in the preceding paragraph or any portion thereof

23  (a) cannot be located upon the exercise of due diligence; (b) has

24  been transferred, sold to, or deposited with a third party; (c) has

25  been placed beyond the jurisdiction of the court; (d) has been

26

27

28

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3

4                            E. MARTIN ESTRADA
                           United States Attorney

5

6

7                            SCOTT M. GARRINGER
                           Assistant United States Attorney

8                            Chief, Criminal Division

9                            RANEE A. KATZENSTEIN
                           Assistant United States Attorney

10                           Chief, Major Frauds Section

11                            SCOTT PAETTY
                           Assistant United States Attorney

12                           Deputy Chief, Major Frauds Section

13                            ADAM P. SCHLEIFER
                           Assistant United States Attorney

14                           Major Frauds Section

15

16

17

18

19

20

21

22

23

24

25

26

27

28